IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LAQUISHA KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| VILLA NORTH INVESTORS, LLC, | ) | NO. _____ |
| VILLA NORTH GA, LLC, ROYAL | ) | |
| AMERICAN DEVELOPMENT, INC., | ) | |
| JOHN DOE, ABC CORPORATION, | ) | |
| and XYZ ENTITY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COME NOW defendants Villa North GA, LLC and Royal American Development, Inc. and, pursuant to 28 U.S.C. §§ 1441 and 1446, file this notice of removal within the time prescribed by law, showing the Court as follows:

1.

On October 9, 2018, plaintiff filed a complaint against Villa North Investors, LLC, Villa North GA, LLC, Royal American Development, Inc., John Doe, ABC Corporation, and XYZ Entity in the State Court of Thomas County, Civil Action

No. STCV2018000121. Thomas County is within the Valdosta Division of the Middle District of Georgia.

2.

According to the entry of service document filed by plaintiff in the State Court of Thomas County on November 8, 2018, Villa North Investors, LLC was served with process on October 25, 2018. Villa North Investors, LLC has not made any appearance in the case since then.

3.

Villa North GA, LLC was served with process on November 25, 2018.

4.

Royal American Development, Inc. was served with process on October 25, 2018.

5.

True and correct copies of all process, pleadings, and orders that have been electronically filed and/or served in connection with this action are attached hereto as Exhibit A. Villa North GA, LLC and Royal American Development, Inc. have no knowledge of any other process, pleadings, or orders that have been electronically filed and/or served in connection with this action, other than those attached hereto.

6.

This case involves injuries allegedly sustained by plaintiff when she fell as a result of stepping into a hole at Villa North Apartments in Thomasville, Georgia, on October 11, 2016. (Compl. ¶ 11.) Specifically, plaintiff alleges that she was an invitee of defendants because she resided at this apartment complex and that, therefore, defendants are liable for failing to maintain the property in a safe condition. (*Id.* ¶¶ 10-14.)

7.

At the time of the incident, Villa North GA, LLC owned the property. (Villa North GA, LLC's Resp. to Pl.'s Interrog. No. 2.) Two days later, on October 13, 2016, Villa North GA, LLC sold the property to Villa North Investors, LLC. (*Id.*) Villa North Investors, LLC neither owned nor managed the property at the time of the incident. Royal American Development, Inc. has never owned or managed the property.

8.

Although not expressly alleged in the complaint, the nature of plaintiff's allegations indicates that she is asserting a premises liability claim against defendants under O.C.G.A. § 51-3-1.

9.

Plaintiff alleges that she "suffered severe injuries, some or all of which may be permanent." (Compl. ¶ 15.) She is seeking to recover "all damages allowed under Georgia Law." (*Id.* ¶ 15.) She does not allege a specific amount of damages to which she is entitled.

10.

Because of these non-specific allegations, Villa North GA, LLC and Royal American Development, Inc. did not consider the case to be removeable at the time they were served as they could not prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum under 28 U.S.C. § 1332. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Thus, Villa North GA, LLC served requests for admission on plaintiff, one of which asked plaintiff to admit that the amount in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs. (Villa North GA, LLC's Req. for Admission to Pl. No. 3.) Plaintiff admitted this request. (Pl.'s Resp. to Villa North GA, LLC's Req. for Admission to Pl. No. 3.) Only at this time did the case become removeable.

11.

Plaintiff served her responses to Villa North GA, LLC's requests for admission on December 31, 2018, and so this notice is timely because it is being filed within 30 days of the date when the case became removeable.  28 U.S.C. § 1446(b)(3).

12.

This case is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) in that (1) it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) no defendant is a citizen of Georgia.

13.

Plaintiff has been a citizen of the State of Georgia continuously since she filed the complaint on October 9, 2018.  (Villa North GA, LLC's Req. for Admission to Pl. No. 1; Pl.'s Resp. to Villa North GA, LLC's Req. for Admission to Pl. No. 1.)  In addition, plaintiff has resided within one or more of the counties comprising the Valdosta Division of the Middle District of Georgia continuously since she filed the complaint on October 9, 2018.  (Villa North GA, LLC's Req. for

Admission to Pl. No. 2; Pl.'s Resp. to Villa North GA, LLC's Req. for Admission to Pl. No. 2.)

14.

The citizenship of Villa North Investors, LLC is unknown. However, Villa North Investors, LLC was fraudulently joined because it did not own or manage the property at the time of the incident. As a fraudulently joined defendant, its citizenship should be disregarded. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

15.

Villa North GA, LLC and Royal American Development, Inc. have been citizens of the State of Florida since October 9, 2018, as set forth in the Jurisdictional Statement being filed concurrently with this notice pursuant to Local Rule 87.2.

16.

The only other defendants in this case – John Doe, ABC Corporation, and XYZ Entity – are fictitious defendants whose citizenship must be disregarded. 28 U.S.C. § 1441(b)(1).

17.

Because plaintiff is a citizen of the State of Georgia and both Villa North GA, LLC and Royal American Development, Inc. are citizens of the State of Florida, there is complete diversity of citizenship between plaintiff and all defendants who have been properly joined and served at this time.

18.

Villa North GA, LLC and Royal American Development, Inc. hereby certify that they have given notice of filing of this notice to plaintiff and have filed a written notice with the Clerk of the State Court of Thomas County, a copy of which is included in Exhibit A.

19.

The undersigned has read this notice, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact; is warranted by existing law; and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

[SIGNATURE ON FOLLOWING PAGE]

- 8 -

FREEMAN MATHIS & GARY, LLP

/s/ *Jacob E. Daly*

Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Jacob E. Daly
Georgia Bar No. 203723
jdaly@fmglaw.com

Attorneys for Defendants Villa North GA, LLC and Royal American Development, Inc.

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that I served the following attorneys of record by depositing a true and correct copy thereof in the United States mail, postage prepaid:

Christopher K. Rodd, Esq.<br>
WHITEHURST, BLACKBURN & WARREN<br>
809 South Broad Street<br>
Thomasville, GA 31792

This 24th day of January, 2019.

/s/ *Jacob E. Daly*
Jacob E. Daly
Georgia Bar No. 203723
jdaly@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)