# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **LAQUISHA KNIGHT,**<br><br>     Plaintiff,<br><br>v.<br><br>**VILLA NORTH GA, LLC, ROYAL AMERICAN MANAGEMENT, INC., JOHN DOE, ABC CORPORATION, and XYZ ENTITY**,<br><br>     Defendants. | Civil Action No. 7:19-CV-22 (HL) |

## ORDER

Before the Court is Defendants Villa North GA, LLC and Royal American Management, Inc.'s Motion to Strike the declarations of Cortes Hayes, Patricia Byrd, and Sharon C. Knight. (Doc. 34). Alternatively, Defendants move the Court for leave to depose these late-identified witnesses and for an extension of time to file a reply in support of their motion for summary judgment. (Id.). Finding that the late disclosure of these witnesses was neither substantially justified nor harmless, the Court **GRANTS** Defendants' motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Laquisha Knight filed this personal injury action on October 9, 2018 in the State Court of Thomas County. (Doc. 1-1). Plaintiff alleges that on October 11, 2016, she fell after stepping into a hole in the lawn at Villa North

Apartments in Thomasville, Georgia, a property owned and maintained by Defendants. (Id. at ¶¶ 3,4, 10). Plaintiff claims she had no prior knowledge of the dangerous condition posed by the hole; that the hole was not discoverable through the exercise of ordinary care; and that Defendants failed to warn her of a condition about which they knew or should have known. (Id. at ¶¶ 13-14). Plaintiff seeks to recover for severe injuries she suffered following her fall. (Id. at ¶ 15).

Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on January 30, 2019. (Doc. 1).[1] On March 7, 2020, the Court entered a Scheduling and Discovery Order outlining the discovery deadlines for this case. (Doc. 8). By the terms of the Order, discovery was scheduled to conclude on September 3, 2019. (Id.). Following entry of that Order, the parties requested that the Court extend discovery on three separate occasions. First, on August 28, 2019, shortly before discovery originally was set to end, the parties asked the Court to permit an additional ninety days to finish discovery after Plaintiff's counsel resigned from his law firm. (Doc. 19). The parties further explained that medical records were outstanding for several of Plaintiff's medical providers. (Id.). The Court agreed to extend discovery through December 2, 2019. (Doc. 20). Then, on November 22, 2019, the parties sought a second ninety-day

---

[1] In their Notice of Removal, Defendants explained that the case did not become removable until December 31, 2018, when Defendants received Plaintiff's responses to Defendants' requests for admissions, at which time she first admitted that the amount in controversy exceeded $75,000. (Doc. 1, ¶¶ 10, 11).

extension after learning that Plaintiff required an additional neck surgery related to the incident alleged in this lawsuit. (Doc. 22). The Court granted the parties' motion and extended discovery through March 2, 2020. (Doc. 23). The parties filed their third request to enlarge the time for discovery by thirty days on March 2, 2020, because both parties still needed to depose several witnesses. (Doc. 26). Discovery finally reached a close on April 1, 2020.

Defendants filed their motion for summary judgment on May 1, 2020. (Doc. 28). The general premise of Defendants' motion is that they did not have actual or constructive knowledge of the hole that caused Plaintiff's fall. (Id. at p. 1). In support of their motion, Defendants rely on Plaintiff's testimony that prior to her fall, she did not see the hole and that she had not observed the hole the two or three times she took a similar path from her apartment to her mother's apartment. (Id. at p. 2-3). Defendants further point to the testimony of Shonses Mills, a resident at the same apartment complex, Sharmeika Hall, the on-site property manager, and Jacary Byrd, another property manager at the complex, to support their position that prior to Plaintiff's fall Defendants lacked actual or constructive knowledge of the hole. (Id. at p. 4-5).

On May 26, 2020, citing to scheduling issues caused by the COVID-19 pandemic, Plaintiff requested additional time to respond to Defendants' motion for summary judgment. (Doc. 30). Plaintiff's motion was untimely, but Defendants

did not object to the extension. [2] The Court therefore permitted Plaintiff to file her response brief on June 30, 2020. (Doc. 31). Along with her response brief, Plaintiff filed the declarations of Cortes Hayes (Doc. 33-1), Patricia Byrd (Doc. 33-2), and Sharon Knight (Doc. 33-3). Each of these witnesses attests that at some time prior to Plaintiff's accident, the apartment complex removed a fence from the area where Plaintiff fell. They express their belief that the removal of the fence posts caused the hole in which Plaintiff fell. Defendants object to the Court's consideration of these statements because Plaintiff failed to disclose the declarants in either her initial disclosures or her responses to interrogatories. While Defendants were aware of Plaintiff's relationship with Hayes, the father of Plaintiff's child, and Knight, Plaintiff's mother, prior to the close of discovery, Defendants state Plaintiff never disclosed that any of these individuals possessed any information directly relating to her claims.

---

[2] Local Rule 7.2 provides, "A party desiring to submit a response, brief, or affidavits shall serve the same within twenty-one (21) days after service of movant's motion or brief." M.D. Ga. L.R. 7.2. Defendants filed their motion for summary judgment on May 1, 2020. Accordingly, Plaintiff's response brief should have been filed by May 22, several days before Plaintiff requested additional time to file her response. Earlier in these proceedings, Plaintiff neglected to file her amended complaint at the time appointed by the Court, and the Court cautioned Plaintiff that "continued failure to comply promptly with the Court's orders and instructions may result in appropriate sanctions." (Doc. 24, p. 31).

## II.     DISCUSSION

In support of her response to Defendants' motion for summary judgment, Plaintiff submitted the declarations of Cortes Hayes, Patricia Byrd, and Sharon C. Knight. The declarants state that there once was a fence in the general area where Plaintiff fell. Prior to the incident, however, the apartment complex removed the fence after it was damaged by neighborhood children. The declarants surmise that the hole responsible for Plaintiff's fall was created by the removal of one of the fence posts. Other than the statements offered through these three declarations, there is no other evidence in the record concerning the removal of a fence. Defendants object to the declarations and request that the Court not consider them in ruling on their motion for summary judgment.

Federal Rule of Civil Procedure 26(a)(3) requires the disclosure of the identity of any witness expected to testify at trial. Rule 26(e) further mandates that a party timely supplement any disclosures or discovery responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Under Rule 37(c)(1), when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The district court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1)." U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc., No. 8:06-cv-40-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). When deciding whether a failure to disclose is substantially justified or harmless under Rule 37(c)(1), the Court should consider the following factors: "(1) the importance of the testimony; (2) the reason for the . . . failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc., 389 F.3d 1339, 1353 (11th Cir. 2004). "The burden of establishing that a failure to disclose [is] substantially justified or harmless rests [with] the nondisclosing party." Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) (quotation marks and citation omitted). Here, while evidence concerning the removal of the fence could prove important to the establishment of Defendants' prior and superior knowledge of the condition causing Plaintiff's fall, the other two factors weigh heavily in favor of excluding the three declarations.

Plaintiff argues that she was substantially justified in failing to disclose the three declarants because Defendants argued for the first time in their motion for

summary judgment that the hole did not exist and that Plaintiff has not proved the cause of the hole. It is well-established under Georgia law that in order for a plaintiff to recover in a premises liability action, she must prove "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." <u>Berni v. Cousins Prop., Inc.</u>, 316 Ga. App. 502, 504-505 (2012) (quotation marks and citation omitted). Plaintiff acknowledges her burden of proof under this standard. (Doc. 35, p. 7). But Plaintiff misunderstands Defendants' argument. Defendants have not denied the existence of the hole. Nor have Defendants attempted to argue that Plaintiff must establish what caused the defect. Rather, Defendants maintain that they are entitled to summary judgment because they lacked actual or constructive knowledge of the condition and Plaintiff has not presented evidence to the contrary. Plaintiff waited until she filed her response to Defendants' motion to attempt to produce evidence relating to Defendants' knowledge of the hole.

In her deposition, Plaintiff testified about her observations of the hole immediately after she fell:

> To me it looked like it was something that was stuck there because it was real deep. And it's, like I don't know if it was something had been removed or not, but I figure it was probably either a gas pipeline or  either . . . [a] pole or either a light pole.

7

(Doc. 28-5, p. 71). Based on this testimony, Plaintiff's counsel posed the following question to Sharmeika Hall, the property manager:

> The testimony from Ms. Knight indicated that it looked as if something like a pipe or something had been taken out of the ground, and that's what could have made the hole or it could have been some type of fencepost or something like that where—she was not particularly sure, but do you know of anything that might've been removed from the ground between those two buildings?

(Doc. 28-4, p. 69).

Hall responded that she was not aware of what might have made the hole. (Id.). However, she never denied that the hole existed. (Id. at p. 72). She also agreed after reviewing pictures of the purported hole that it looked as though something cylindrical potentially was removed from the ground. (Id. at p. 75).

Both Hall and Plaintiff were deposed on February 21, 2020. At that time, discovery was scheduled to conclude on March 2, 2020. (Doc. 23). But the deadline was extended by agreement to April 1, 2020, after both parties stated that additional depositions needed to be taken. (Docs. 26, 27). It is evident that at least as of February 21, Plaintiff had formed some belief concerning the cause of the hole.[3] Plaintiff had sufficient opportunity between February 21 and April 1 to

---

[3] Plaintiff testified that she examined the hole immediately after she fell, which suggests to the Court that she was aware that something had been removed from the ground in that area—leaving a hole behind—as early as October 2016. (Doc. 28-5, p. 71).

8

further investigate her suspicions and to supplement her disclosures to include the witnesses she now seeks to introduce.

Plaintiff also attempts to justify her late disclosure by suggesting that Defendants "prominently relied upon a never-listed set of witnesses." (Doc. 35, p. 5). Plaintiff is referring to Defendants' statements concerning Davis Lawn Care, the company that provided regular lawn maintenance at the apartment complex. Defendants' motion for summary does not rely on the testimony of any Davis Lawn Care employee, nor have Defendants attempted to introduce any additional witnesses through their motion. Defendants instead highlight the testimony of Sharmeika Hall, who testified that the lawn company contracted to cut the grass on a regular basis; that she expected the company to report any unsafe conditions; and that the company did report any issues they observed on the property. (Doc. 28-4, p. 54-55). Defendants offered this evidence to show their lack of knowledge of the hole, not that the hole did not exist. And again, Plaintiff was aware of this testimony well in advance of the close of discovery. To the extent that she wished to pursue additional information concerning Davis Lawn Care, she had the opportunity to do so. But Defendants have not directly relied on any report by the landscaping company or testimony from any of the company's employees that in any way justifies Plaintiff's late disclosure of witnesses whose only statements concern the alleged removal of a fence.

Plaintiff's argument that the introduction of the declarations is harmless is equally unavailing. The declarations insert a fact not otherwise in evidence: the existence and removal of the fence. Plaintiff testified that the hole appeared as though something "was stuck there." (Doc. 28-5, p. 71). She said nothing about a fence. Shameika Hall also denied knowledge of a fence or anything else being removed from the vicinity where Plaintiff fell. (Doc. 28-4, p. 69). In order to account for this new evidence and to prevent prejudice to Defendants, the Court effectively would have to moot Defendants' pending motion for summary judgment, reopen discovery, permit the parties to depose these witnesses, and then wait for the parties to re-brief the motion for summary judgment. Such a scenario would cause further delay and expense in this case. After extending discovery by seven months, the Court will prolong litigation no further to accommodate Plaintiff's failure to investigate and prove her case in a timely manner. Accordingly, the Court will not consider the declarations of Hayes, Byrd, or Knight when deciding Defendants' motion for summary judgment.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Strike. (Doc. 34). The affidavits of Cortes Hayes (Doc. 33-1), Patricia Byrd (Doc. 33-2), and Sharon C. Knight (Doc. 33-3) shall not be considered by the Court.

Defendants shall file their reply brief in support of their motion for summary judgment by not later than September 11, 2020.

**SO ORDERED**, this the 28th day of August, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks